BLANK ROME LLP
Attorneys for Petitioner
1271 Avenue of the Americas
New York, New York 10020
(212) 885-5000
William R. Bennett III
Noe S. Hamra

Attorneys for Plaintiff,
*Amelia Maritime Group Ltd.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AMELIA MARITIME GROUP LTD., <br><br> Plaintiff, <br><br> v. <br><br> INTEGR8 FUELS INC., <br><br> Defendant | Civ. No. <br><br> IN ADMIRALTY |

**VERIFIED COMPLAINT**

Plaintiff Amelia Maritime Group Ltd. ("Amelia"), by and through its attorneys Blank Rome LLP, brings this action against Integr8 Fuels, Inc. ("Integr8" or "Defendant") pursuant to Supplemental Rule B for Certain Admiralty and Maritime Claims, requesting the issuance of writs of maritime attachment and states as follows:

**JURISDICTION AND VENUE**

1. This is an action within this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and is an admiralty or maritime claim within Fed. R. Civ. P. 9(h).

2. Venue is proper in this District because there is, or will be during the pendency of this action, property of or due and owing to Integr8 within or moving through this District as will be more fully discussed herein.

3. Defendant cannot be found in this District within the meaning of Supplemental Rule B.

## THE PARTIES

4. Amelia is a foreign corporation organized and existing under the laws of the Republic of Liberia.

5. Upon information and belief, Integr8 is a company duly registered under the laws of the Marshall Islands. Integr8 provides bunker trading and brokerage services to shipowners and operators.

## FACTS[1]

6. On or about August 20, 2018, Harmony Innovation Shipping Ltd. ("Harmony"), the then charterers of the vessel in question, which at the time was named M/V GOLDEN DESTINY, entered into a contract with Integr8 for the supply of approximately 430 metric tons of bunkers (marine fuel oil) at a price of US $487.00 per metric ton, or US $209,410.00. *See* Ex. 1[2] to the Tsakiroglou Dec.; *see also* Tsakiroglou Dec. at ¶ 2.

7. The agreement for provision of the bunkers was evidenced by Integr8's Sales Confirmation and appears to be subject to Integr8's General Terms and Conditions that provide for application of "the federal maritime law of the United States or, should no such law exist on any particular issue, the laws of the State of New York", and arbitration in the City of New York. *See* Ex. 1 to the Tsakiroglou Dec.; *see also* Tsakiroglou Dec. at ¶ 3.

---

[1] A true and correct copy of the Declaration of Basil George Tsakiroglou dated April 19, 2023 is attached as Exhibit A. (the "Tsakiroglou Dec.")

[2] References to Exhibits herein refer to the Exhibits attached to Tsakiroglou Declaration.

8. In accordance with the contract between Harmony and Integr8, bunkers were provided to the M/V GOLDEN DESTINY at Kohsi Chang, Thailand on August 20, 2018. *See* Tsakiroglou Dec. at ¶ 4.

9. At the time of the bunker delivery, the owner of the M/V GOLDEN DESTINY was Golden Star Marine SA. *See* Ex. 2 to the Tsakiroglou Dec.; *see also* Tsakiroglou Dec. at ¶ 5.

10. On August 24, 2018, Integr8 sent an invoice to Harmony for the value of the bunkers, i.e., US $209,410.00. *See* Ex. 1 to the Tsakiroglou Dec.; *see also* Tsakiroglou Dec. at ¶ 6.

11. Harmony allegedly failed to pay for the bunkers. *See* Tsakiroglou Dec. at ¶ 7.

## THE PURCHASE OF THE VESSEL

12. On February 26, 2020, eighteen months after the bunkers were supplied, Amelia purchased the M/V GOLDEN DESTINY from Golden Star Marine SA. *See* Ex. 2 to the Tsakiroglou Dec.; *see also* Tsakiroglou Dec. at ¶ 8.

13. On or about the same time, the vessel was renamed to M/V AUZONIA ("Vessel"). *See* Tsakiroglou Dec. at ¶ 9.

## THE PARTIES' DISPUTE

14. On September 14, 2020, nearly two years after the delivery of the bunkers to Harmony, as set forth in paragraphs 7-10 above, Integr8 emailed Overseas Marine Enterprises Inc. ("Overseas Marine"), the current operators of the Vessel, alleging Harmony never paid for the bunkers supplied to the Vessel and demanded payment for the bunkers from Amelia, the new owners. *See* Ex. 3 to the Tsakiroglou Dec.; *see also* Tsakiroglou Dec. at ¶ 10.

166452.06501/131008966v.3

15. On November 30, 2020, Integr8 sent a second email to Overseas Marine demanding payment from Amelia for the sum of US $209,410, plus interest in the amount of US $143,823.93. *See* Ex. 3 to the Tsakiroglou Dec.; *see also* Tsakiroglou Dec. at ¶ 11.

16. On November 28, 2021, Integr8 wrongfully arrested the Vessel in Rotterdam to recover for its claim regarding the unpaid bunkers. *See* Ex. 4 to the Tsakiroglou Dec.; *see also* Tsakiroglou Dec. at ¶ 12.

17. The Court in Rotterdam ruled the arrest was wrongful and Integr8 was found liable to reimburse Amelia for its legal fees incurred in defending the arrest. *See* Ex. 4 to the Tsakiroglou Dec.; *see also* Tsakiroglou Dec. at ¶ 13.

18. Of note, the Dutch Court stated at paragraph 4.4 of its opinion:

> The Preliminary Injunction Judge states, first and foremost, **that lntegr8 has no claim against Amelia.** After all, Amelia has no obligation to pay the purchase price for the bunker deliveries to lntegr8. **Amelia is not a party to the purchase agreement concluded between Integr8 and the charterer at that time and there is also no reason to assume that a shipowner becomes debtor in the case of an order of bunker deliveries by a time charterer.**

*See* Ex. 4 to the Tsakiroglou Dec. at ¶ 4.4.

19. Unhappy with the result in the Netherlands, on November 19, 2022, Integr8, acting with purposeful malice and in bad faith, arrested the Vessel in the United Arab Emirates ("UAE") while the Vessel was undergoing repairs. *See* Ex. 5 to the Tsakiroglou Dec.; *see also* Tsakiroglou Dec. at ¶ 14.

20. The arrest caused the shipyard to stop working on the repairs to the Vessel resulting in a delay in getting the Vessel back to work. *See* Tsakiroglou Dec. at ¶ 15.

21. To release the Vessel in a timely manner so repairs could continue, Amelia was forced to post cash security in the sum of US $209,410. *See* Tsakiroglou Dec. at ¶ 16.

22. Thereafter, Amelia, as owner of the Vessel asserted a wrongful arrest claim against Integr8 and is challenging the merits of the arrest in the UAE. *See* Tsakiroglou Dec. at ¶ 17.

23. Amelia alleges Integr8's arrest in the UAE is wrongful and nothing more than a vexatious action to cause Amelia financial hardship. *See* Tsakiroglou Dec. at ¶ 18.

24. On November 25, 2022, Integr8 demanded arbitration in New York against Amelia claiming, despite the Rotterdam ruling, that Amelia was responsible for the payment of bunkers. *See* Ex. 6 to the Tsakiroglou Dec.; *see also* Tsakiroglou Dec. at ¶ 19.

25. On December 5, 2022, Amelia filed a petition seeking injunctive relief to enjoin the arbitration and sought a declaratory judgment that Integr8 had no *in personam* claim against Amelia. *See* Tsakiroglou Dec. at ¶ 20.

26. On December 9, 2022, Integr8, realizing it had no claim against Amelia, withdrew its demand for arbitration against Amelia. *See* Ex. 7 to the Tsakiroglou Dec.; *see also* Tsakiroglou Dec. at ¶ 21.

## DAMAGES

27. As a result of Integr8's wrongful arrest of Amelia's vessel in the UAE, Amelia has incurred damages in the amount of **US $862,735.00**

28. Amelia's estimated damages include:

| **DESCRIPTION** | **AMOUNT** |
| --- | --- |
| Loss of Income | $462,500.00 |
| Port Charges | $87,000.00 |
| Port Administrative Charges | $35,000.00 |
| Vessel Hull and Bottom Cleaning | $87,000.00 |
| Bunkers | $120,00.00 |

| Claim amount | $791,500.00 |
|---|---|
| Interest @ 9% | $71,235 |
| **TOTAL** | $862,735.00 |

## INTERG8'S RELATIONSHIP TO THE GARNISHEES

29. Garnishees NAVIG8 Ltd. (Bermuda), NAVIG8 Topco Holdings, Inc. (Marshal Islands), NAVIG8 Group Holdings Inc. (Marshal Islands), NAVIG8 Services, Inc., VL8 Pool Inc., NAVIG8 Suez8 Pool, NAVIG8 V8 Pool, NAVIG8 LR8 Pool, NAVIG8 MR Pool, NAVIG8 Chronos8 Pool, NAVIG8 Alpha8 Pool, NAVIG8 Chemical Delta8 Pool and NAVIG8 Gamma8 Pool (jointly referred to as "Navig8 Group") state on its website that the "Navig8 Pools" offer ship owners a wide range of value adding benefits, with the main objective of entering into arrangements for the commercial employment and operation of the "pool vessels." Under the pool agreements, garnishee NAVIG8 Topco Holdings, Inc. is tasked to secure for the pool participants the highest earnings per vessel on the basis of pooling the revenue of the vessels and dividing it between the pool participants. As such, all revenues earned from the operation of the vessels, after deduction of all costs involved in the operation of the pool, is shared between the pool participants, including the provision of bunkers to the pool vessels. (the "Pooling Agreements").

30. Under the Pooling Agreements, Integr8 provides bunkers to vessels owned, operated and or chartered by the Navig8 Group of companies.

31. Garnishees, and other companies within the Navig8 Group of companies maintain bank accounts in this District from which payments due and owing Defendant Interg8 are made.

32. Upon information and belief, Integr8 is believed to have or will have during the pendency of this action, assets within this District consisting of cash, funds, account receivables and/or credits in the possession of Garnishees.

166452.06501/131008966v.3

## COUNT I
## MARITIME ATTACHMENT AND GARNISHMENT (RULE B)

33. Amelia commenced this action to obtain security for the claim described above and reserves its right to litigate all such disputes in the UAE as well as such additional ones as may arise.

34. The principal amount of the claims for which Amelia presently seeks security in this action is **$862,735.00**.

35. Amelia reserves its right to amend this complaint and to claim in the UAE action additional amounts based on claims alleged above but not yet fully quantified and to include such additional claims and damages as it may suffer as a result of Inter8's unlawful arrest of the vessel and independent maritime torts.

36. Integr8 cannot be found within this District, within the meaning or Rule B, but is believed to have, or will have during the pendency of this action, property and/or assets in this jurisdiction consisting of cash, funds, account receivables and/or credits in the hands of garnishees in this District, including but not limited to the named Garnishees.

## COUNT II
## TORTIOUS INTERFERENCE

37. Amelia repeats and realleges each and every paragraph heretofore stated herein as if set forth at length herein.

38. Interg8 despite not having a claim against the Vessel, tortiously interfered with the Vessel's repair contract and subsequent charter by arresting the Vessel in the UAE.

39. Interg8 was aware that an arrest of the Vessel in the UAE shipyard would result in repairs being delayed and the Vessel's charter being disrupted. Nevertheless, despite knowing that it had no valid claim against Amelia, Integr8 arrested the Vessel.

166452.06501/131008966v.3

40. As a result of the unlawful and wrongful arrest of the Vessel, Amelia suffered damages of not less than **$862,735.00**.

## COUNT III
## CONVERSION

41. Amelia repeats and realleges each and every paragraph heretofore stated herein as if set forth at length herein.

42. Integr8 has no claim against Amelia for the failure of Harmony to pay for bunkers nor a claim against the Vessel as noted by the Rotterdam Court, yet it arrested Amelia's Vessel and refuses to return the security Amelia posted thus converting funds for its own benefit for which it was not entitled to.

43. As a result of the arrest of the Vessel and duress placed on Amelia to post security Interg8 has caused Amelia to suffer damages of not less than **$862,735.00**.

## COUNT IV
## NEGLIGENCE

44. Amelia repeats and realleges each and every paragraph heretofore stated herein as if set forth at length herein.

45. At the time Interg8 arrested the Vessel, she was in the shipyard being repaired. Integr8 knew that the arrest of the Vessel would result in the shipyard stopping repair work on the Vessel.

46. Following the ruling of the Court in Rotterdam holding that Interg8 had no claim against Amelia, Interg8 had a duty not to harm Amelia.

47. Interg8 breached that duty.

48. As a result of Interg8's negligence, Amelia has been damaged in a sum not less than **$862,735.00**.

## COUNT V
## MISREPRESENTATION

49. Amelia repeats and realleges each and every paragraph heretofore stated herein as if set forth at length herein.

50. Integr8 has no claim against Amelia for the failure of Harmony to pay for bunkers, yet it misrepresented to the UAE Court that it had such a claim.

51. As a result of Interg8's misrepresentation, Amelia has been damaged in a sum not less than **$862,735.00**.

## PRAYER FOR RELIEF

**WHEREFORE**, Amelia prays:

A. That process in due form of law issue against Integr8 citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B. Since Defendant cannot be found within this District pursuant to Supplemental Rule B, this Court issue an Order directing the Clerk to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of Integr8's tangible or intangible property or any other funds held by any garnishee in the District, including but not limited to the named Garnishees, which are due and owing or otherwise the property of Integr8, up to the amount of **$862,735.00** to secure Amelia's claims, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Rule B, answer the matters alleged in the Verified Complaint;

C. That as provided in Supplemental Rule B, that such person over 18 years of age be appointed as moved for herein pursuant to Supplemental Rule B and FED. R. CIV. P. 4(c) to serve process of Maritime Attachment and Garnishment in this action;

      D.      That this Court award Amelia damages as detailed in Counts II through V herein and for such other and further relief that this Court deems just and proper.

Dated: April 20, 2023
       New York, New York

Respectfully submitted,

By: /s/ *William R. Bennett*

William R. Bennett III
Noe S. Hamra
BLANK ROME LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 885-5000
Email: William.Bennett@blankrome.com
       Noe.Hamra@blankrome.com

Attorneys for Plaintiff,
*Amelia Maritime Group Ltd.*

10

## **VERIFICATION**

I am a Partner at the law firm of Blank Rome LLP, counsel to Plaintiff.

The facts alleged in the foregoing complaint are true and correct to the best of my knowledge and information based upon the records of Plaintiff made available to me by Plaintiff. Authorized officers of Plaintiff are not readily available in this District to make verifications on Plaintiff's behalf. I am authorized to make this verification on Plaintiff's behalf.

I further certify that, pursuant to Supplemental Rule B, I caused a search to be made of electronic records and Directory Assistance for addresses and telephone numbers in this District. There is no record of any general or resident agent authorized to accept service of process for Integr8 in this District.

Pursuant to 28 U.S.C. § 1746(1), I solemnly declare under penalty of perjury that the foregoing is true and correct.

Executed on April 20, 2023.

_____
William R. Bennett III

166452.06501/131008966v.3